IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JOHN EDDIE JONES, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 07-2707-JDB/tmp |
| | ◊ | |
| SOUTHWEST TENNESSEE COMMUNITY COLLEGE, et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE SERVICE

Plaintiff John Eddie Jones filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, on November 2, 2007, along with a motion seeking leave to proceed in forma pauperis. Based on the information set forth in the Plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record Defendants as Southwest Community College and Mike Stephens.

As to the motion for appointment of counsel, two statutes authorize the district court to request or appoint counsel for an indigent plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person

unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. <u>Moore v. Sunbeam Corp.</u>, 459 F.2d 811 (7th Cir. 1972). Generally, a court will only appoint counsel in exceptional circumstances. <u>Willett v. Wells</u>, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," <u>Branch v. Cole</u>, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the <u>pro se</u> litigant's prior efforts to retain counsel, and his ability to present the claims. <u>Henry v. City of Detroit Manpower Dept.</u>, 763 F.2d 757, 760 (6th Cir. 1985); <u>Wiggins v. Sargent</u>, 753 F.2d 663, 668 (8th Cir. 1985).

A review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent himself. Furthermore,

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 310 (1989).

2

it does not appear from the affidavit supporting his motion that he will be unable to obtain counsel on his own. The motion is DENIED.

The Court is required to screen <u>in forma pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)      is frivolous or malicious;
    (ii)     fails to state a claim on which relief may be granted; or
    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Certain aspects of Plaintiff's complaint are subject to dismissal.

Jones cannot sue Defendant Mike Stephens under Title VII because there is no personal liability under the employment discrimination statutes against a supervisor who does not otherwise qualify as an "employer." <u>Wathen v. General Electric Co.</u>, 115 F.3d 400, 405 (6th Cir. 1997). In this case, Stephens is employed by Southwest Community College as Chair and Interim Dean. He cannot be sued under Title VII.

Because the complaint does not state a viable Title VII claim against Defendant Mike Stephens, the Court DISMISSES the discrimination claims against him, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii), as frivolous and for failure to state a claim on which relief can be granted.

The Clerk is ORDERED to issue process for the remaining Defendant, Southwest Community College, and deliver that process to

the marshal for service.  Service shall be made on Defendant either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(h)(1) and Tenn. R. Civ. P. 4.04(4) if mail service is not effective.

It is ORDERED that the Plaintiff shall serve a copy of every further document filed in this cause on the attorney for Defendant, or on Defendant if it has no attorney.  Plaintiff shall make a certificate of service on every document filed.  Plaintiff shall promptly notify the Clerk of any change of address or whereabouts.  Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 26th day of November, 2007.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE