UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN EDDIE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-2707-STA |
| | ) | |
| SOUTHWEST TENNESSEE | ) | |
| COMMUNITY COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

---

**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE**

---

Before the Court is Defendant Southwest Tennessee Community College's Motion to Dismiss (D.E. # 11) filed on February 29, 2008. For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

In his original Complaint, Plaintiff John Eddie Jones alleged that Defendant discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"). Plaintiff served in different faculty capacities at Southwest Tennessee Community College from 2000 to 2007. Plaintiff claims that the discrimination against him began on or about January 18, 2006, and continues to the present. Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 19, 2006, and was issued a right to sue notice on July 30, 2007. Plaintiff filed suit on

1

November 2, 2007.

Plaintiff sought and was denied tenure in the Industrial, Environmental, and Graphic Arts Department at the school in January 2006.[1] According to Plaintiff, Defendant denied him tenure because Ted Along, then dean of the school ("Along"), and Mike Stephens, chairperson of the department ("Stephens"), concluded that Plaintiff lacked the computer-based skills required to teach the courses offered in the department.[2] Plaintiff believes that he was denied tenure on account of his age. Plaintiff alleges that he had made efforts to become more proficient in computer-based technology. However, neither Along nor Stephens asked other faculty in the department about those efforts and Plaintiff's progress.[3] Plaintiff continued to teach in the department until his retirement on June 30, 2007.[4] At the beginning of the 2007-2008 academic year, Defendant was not asked to teach any graphic arts courses.[5]

In its Motion to Dismiss, Defendant contends that Plaintiff's complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant argues that as an agency of the state of Tennessee, it has sovereign immunity to suits pursuant to the ADEA. Even if that were not the case, Plaintiff has not made out a prima facie case of age discrimination because Plaintiff's Complaint fails to allege that the person hired to replace

---

[1] Attachment to Compl. ¶¶ 1, 2.

[2] *Id*.

[3] *Id*.

[4] *Id*. at ¶ 3.

[5] Defendant objects that the Plaintiff may not offer affidavits in response to a motion to dismiss such as the one before the Court. Plaintiff submitted a four-page affidavit as an attachment to his response in opposition to the Motion. However, the Court has not considered that affidavit in reaching its decision on the instant Motion.

Plaintiff was actually younger. As for Plaintiff's Title VII claims, Defendant asserts that Plaintiff's charge was untimely. Furthermore, Plaintiff has failed to make his prima facie case of race discrimination, specifically, that Plaintiff was qualified for the position he was denied or that he was treated differently than similarly situated employees in the non-protected class.

In his Response, Plaintiff argues that his EEOC charge was timely and that he has made out his prima facie case of race discrimination. Plaintiff could take advantage of the 300-day filing period because Tennessee is a deferral state, and the Tennessee Human Rights Commission ("THRC") has a work-sharing agreement with the EEOC. Plaintiff also argues that the continuing violations doctrine applies in his case, and so the statute of limitations is not a bar to his suit. As for his prima facie case, Plaintiff insists that he has satisfied all four prongs including his qualification for the position. While Plaintiff concedes that the ADEA will not permit him to recover damages against Defendant, Plaintiff argues that the doctrine of sovereign immunity does not prohibit suits for declaratory and injunctive relief for continuing violations of federal law.

Defendant has filed a reply but failed to obtain leave of the court as required by the Scheduling Order (D.E. # 13) in this matter. The Scheduling Order clearly states, "Neither party may file an additional reply, however, without leave of the Court. If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required." Without striking the Reply brief, the Court never considered its merits.

Plaintiff filed his Amended Complaint on September 3, 2008.[6] In it Plaintiff restated his factual allegations concerning his denial of tenure and race and age discrimination on the part of Defendant. However, Plaintiff's Amended Complaint altered the statutory bases for his allegations. Rather than alleging age discrimination under the ADEA as he did in his original Complaint, Plaintiff states his age discrimination claim pursuant to the Tennessee Human Rights Act. Similarly, Plaintiff's Amended Complaint re-frames his race discrimination claim under 42 U.S.C. § 1981, and not Title VII. Finally, Plaintiff has added a new claim for retaliation pursuant to Title VII.

## **ANALYSIS**

In light of Plaintiff's Amended Complaint in which he has re-stated his allegations under different statutes, the Court finds that Defendant's Motion to Dismiss the original Complaint is now moot. Defendant's Motion to Dismiss was aimed at Plaintiff's allegations of age discrimination pursuant to the ADEA and allegations of race discrimination pursuant to Title VII. Plaintiff's Amended Complaint mentions neither statute as it pertains to his claims of age and race discrimination. Therefore, without reaching the merits of Defendant's Motion to Dismiss Plaintiff's claims of age discrimination pursuant to the ADEA and claims of race discrimination pursuant to Title VII, the Court finds the Motion moot and denies it without prejudice.

---

[6] On July 11, 2008, Plaintiff filed a Motion to Amend his Complaint, which was granted. Plaintiff had proceeded pro se in this matter up to this time. Plaintiff now has representation. Although the Motion to Amend was granted, Plaintiff did not file his Amended Complaint right away. On August 19, 2008, the Court ordered Plaintiff to file his Amended Complaint within ten days.

IT IS SO ORDERED.

                                **s/ S. Thomas Anderson**
                                S. THOMAS ANDERSON
                                UNITED STATES DISTRICT JUDGE

                                Date: September 22nd, 2008.