**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN EDDIE JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-2707-STA** |
| | ) | |
| **SOUTHWEST TENNESSEE** | ) | |
| **COMMUNITY COLLEGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

### ORDER GRANTING MOTION TO DISMISS
_____

Before the Court is Defendant Southwest Tennessee Community College's Second

Motion to Dismiss (D.E. # 28) filed on September 23, 2008. For the reasons set forth below, the

Motion is **GRANTED**.

### BACKGROUND

Plaintiff John Eddie Jones alleged in his original Complaint that Defendant discriminated

against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964

("Title VII") and on the basis of his age in violation of the Age Discrimination in Employment

Act ("ADEA"). Defendant filed a Motion to Dismiss ("first motion to dismiss") all of the

allegations contained in the original Complaint. Before the Court could rule on the first motion

to dismiss, Plaintiff sought and was granted leave to amend his complaint. In his Amended

Complaint (D.E. # 26), Plaintiff restated his factual allegations concerning his denial of tenure

and race and age discrimination on the part of Defendant. However, Plaintiff's Amended

1

Complaint altered the statutory bases for his allegations. Rather than alleging age discrimination under the ADEA as he did in his original Complaint, Plaintiff makes his age discrimination claim pursuant to the Tennessee Human Rights Act. Similarly, Plaintiff's Amended Complaint re-frames his race discrimination claim under 42 U.S.C. § 1981, and not Title VII. Finally, Plaintiff added a new claim for retaliation pursuant to Title VII. As a result, the Court denied Defendant's first motion to dismiss due to the new theories of relief contained in the Amended Complaint.

The underlying facts forming the basis of Plaintiff's original Complaint and now his Amended Complaint are essentially the same. Plaintiff served in different faculty capacities at Southwest Tennessee Community College from 2000 to 2007. Plaintiff claims that the discrimination against him began on or about January 18, 2006, and continues to the present. Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 19, 2006, and was issued a right to sue notice on July 30, 2007. Plaintiff filed suit on November 2, 2007.

Plaintiff sought and was denied tenure in the Industrial, Environmental, and Graphic Arts Department at the school in January 2006. Attachment to Compl. ¶¶ 1, 2. According to Plaintiff, Defendant denied him tenure because Ted Along, then dean of the school ("Along"), and Mike Stephens, chairperson of the department ("Stephens"), concluded that Plaintiff lacked the computer-based skills required to teach in the department. *Id*. Plaintiff believes that he was denied tenure on account of his age. Plaintiff alleges that he had made efforts to become more proficient in computer-based technology. However, neither Along nor Stephens asked other faculty in the department about those efforts and Plaintiff's progress. *Id*. Plaintiff continued to

teach in the department until his retirement on June 30, 2007. *Id*. at ¶ 3. At the beginning of the 2007-2008 academic year, Defendant was not asked to teach any graphic arts courses.[1]

In its Second Motion to Dismiss, Defendant contends that Plaintiff's complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant argues that as an agency of the state of Tennessee, it has sovereign immunity to suits pursuant to Section 1981 and the THRA. The state of Tennessee has not waived its immunity from suit pursuant to Section 1981. Additionally, the state of Tennessee has not waived its sovereign immunity from suit in federal courts for claims brought under the THRA. A waiver of immunity in its own courts does not extend to a waiver of its immunity in the federal courts. Employees of Defendant like Dean Mike Stephens are likewise absolutely entitled to immunity.[2]

As for the sufficiency of his allegations in his Amended Complaint, Plaintiff has not made out a *prima facie* case of retaliation because Plaintiff has failed to establish that his complaints to Defendant about the tenure-review process amounted to protected activity under Title VII. Defendant argues that Plaintiff has not alleged any discrimination on the basis of a protected class in Defendant's tenure review process. Plaintiff has only claimed that he was

---

[1] Defendant objects that the Plaintiff may not offer affidavits in response to a motion to dismiss such as the one before the Court. Plaintiff submitted a four-page affidavit as an attachment to his response in opposition to the first motion to dismiss. However, the Court has not considered that affidavit in reaching its decision on the instant Motion.

[2] Defendant has made this argument presumably because Plaintiff's preamble to his Amended Complaint reads, "COMES NOW the Plaintiff, John E. Jones in the above styled and numbered cause of action against the Defendant, Southwest Tennessee Community College, and Mike Stephens Dean of the College." However, the Court finds that the Amended Complaint did not add Stephens to the style of the case. Nor did the Amended Complaint list Stephens as a party to this matter in its section entitled "Parties." Although Stephens is referenced in the Amended Complaint, the Court is hard-pressed to find anything in the Amended Complaint alleging any cause of action against Stephens in his individual capacity.

denied tenure in error.  Plaintiff's Amended Complaint is not clear on the timing of Plaintiff's complaints to Defendant about the tenure review process.   Defendant contends that if the complaints were made after the denial of tenure, then there can be no causal connection between the complaints and the denial.  Defendant also argues that Plaintiff has failed to allege a materially adverse employment action against him due to the fact that Plaintiff remained on the faculty of the college, albeit teaching a different course.  Plaintiff has not alleged that this resulted in less pay or can be considered a demotion.  As adjunct faculty, Plaintiff could be assigned to any area of need according to Defendant.

Even if Plaintiff had succeeded in making his *prima facie* case of retaliation, Defendant has offered a legitimate, non-discriminatory reason for its denial of tenure.  Plaintiff never acquired the computer skills needed to attain tenure.  Plaintiff disputes that assessment but has not met his burden to show that the stated reason was only pretextual.  Defendant claims that Plaintiff's case is really a matter of inviting the Court to substitute its judgment for that of the Defendant college.  Finally, Defendant argues that punitive damages are unavailable against a government entity in Section 1981 cases.  Therefore, Defendant seeks the dismissal of all claims against it.

Plaintiff has responded in opposition.  Plaintiff argues that he can establish a *prima facie* case of race discrimination under Title VII.  Plaintiff also contends that he filed a timely charge with the EEOC because his claim was simultaneously filed with the THRA under the agencies' work-sharing agreement.  Plaintiff also argues that the continuing violations doctrine applies in his case, and so the statute of limitations is not a bar to his suit.  While Plaintiff concedes that the ADEA will not permit him to recover damages against Defendant, Plaintiff argues that the

doctrine of sovereign immunity does not prohibit suits for declaratory and injunctive relief for continuing violations of federal law. As for his retaliation claim, Plaintiff argues that he can show causation because of the temporal proximity of his written complaints about the tenure process and Defendant's failure to offer Plaintiff an assignment teaching video editing the Graphic Arts Department.[3] As a result, Plaintiff was forced to retire early and will not receive the full value of his retirement as he would have had he worked to age sixty-six (66).

Defendant sought leave and was granted permission to file a Reply brief where Defendant observes that Plaintiff has largely failed to address many of the arguments raised in Defendant's Second Motion to Dismiss. Defendant argues that Plaintiff's Response to the Second Motion to Dismiss is identical in many respects to Plaintiff's Response to the First Motion to Dismiss. Defendant chose not to respond to those arguments concerning claims which were not part of Plaintiff's Amended Complaint, namely, his ADEA claim, his race discrimination claim under Title VII, and his argument about the timeliness of his EEOC filing. As for the retaliation claim, which was part of the Amended Complaint, Defendant argues that Plaintiff cannot establish a causal connection between his complaints about the tenure review process and the denial of his tenure. A complaint about the tenure review process is not protected under Title VII. Nor can Plaintiff show that he suffered an adverse employment action as part of his case for retaliation. Defendant reiterates its argument that as an adjunct faculty member, Plaintiff has no control over which teaching assignments he is given for any particular semester. Defendant also urges the Court to reject the affidavit Plaintiff filed as an attachment to

---

[3] Plaintiff notes that he complained about Defendant's failure to place him on the schedule "in order to allow a white male to teach classes" in addition to his complaints about the tenure review process.

his response to the first motion to dismiss in this case.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[4] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[5] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[6] "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[7]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[8] The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the

---

[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[5] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[6] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[7] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[8] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

intended scope of *Twombly*.[9]  Consequently, the Sixth Circuit has articulated the following as the standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[10]  Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[11]

As for a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion."[12] In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits.[13]

## ANALYSIS

As an initial matter, the Court finds that Plaintiff's Response to the instant Motion is

---

[9] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly,* ... in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

[10] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[11] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

[12] *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.3d 266, 269 (6th Cir.1990).

[13] *Rogers v. Stratton Indus.*, 798 F.2d 913, 916 (6th Cir.1986).

deficient in several respects. The Response makes reference to claims which are not even alleged in Plaintiff's Amended Complaint. Instead, the legal arguments included in the Response are addressed to theories which were part of Plaintiff's original Complaint but are wholly absent from the Amended Complaint. For example, Plaintiff originally alleged race discrimination under Title VII, yet in his Amended Complaint, Plaintiff re-stated this allegation pursuant to Section 1981. Whereas Defendant's Motion attacks the sufficiency of Plaintiff's Section 1981 claims, Plaintiff's Response brief argues that Plaintiff has stated a claim for race discrimination under Title VII. No mention of Section 1981 even appears in the Response.[14] The Court finds that Plaintiff has largely failed to address the arguments raised in Defendant's Second Motion to Dismiss. Despite these deficiencies, the Court must consider the sufficiency of the claims as they are alleged in the Amended Complaint.

### I. Section 1981 and THRA Claims

Defendant argues that it has sovereign immunity from all Section 1981 claims as an arm of the state of Tennessee. The Court agrees. The Eleventh Amendment to the United States Constitution bars suits by private individuals against non-consenting states in federal court, unless Congress has validly abrogated the state's immunity, or the state has waived its immunity.[15] Eleventh Amendment immunity applies to both the state itself and state agencies,

---

[14] It appears that the Response borrows liberally from Plaintiff's response brief to the first motion to dismiss filed in this matter without any reference to the new theories articulated in the Amended Complaint.

[15] *Henderson v. Sw. Tenn. Cmty. Coll.*, 282 F.Supp.2d 804, 806 (W.D. Tenn. 2003).

and this Court has determined in a prior case that Southwest Tennessee Community College is an agency of the state of Tennessee.[16]  Moreover, no Tennessee statute waives state immunity for suits under Section 1981.[17]  Therefore, Plaintiff's Section 1981 claim for race discrimination is barred by the Eleventh Amendment and must be dismissed.

For the same reasons, Plaintiff's THRA claims must fail.  The Eleventh Amendment provides a jurisdictional bar to suits by private individuals of non-consenting states in federal court on state law claims, as well as on federal law claims.[18]  Federal court supplemental jurisdiction over state law claims does not override the Eleventh Amendment.[19]  Although the Legislature has waived its immunity for THRA suits in state court, it has not done so for suits in federal court.[20]  Therefore, Plaintiff's THRA claims are barred by the Eleventh Amendment in this Court and must be dismissed.

As for Mike Stephens, the chair of the department, the Court finds that Plaintiff has not even added Stephens as a party.  Fed. R. Civ. P. 8(a) states that a "pleading that states a claim for relief must contain... a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought."  That statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[21]  While the original

---

[16] *Id.*

[17] *Id.* at 807.

[18] *Id.* at 807-08.

[19] *Id.* at 808.

[20] *Id.* (citing *Boyd v. Tenn. State Univ.,* 848 F.Supp. 111, 114 (M.D.Tenn.1994)).

[21] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 998 (U.S. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Complaint named Stephens as a defendant, the Amended Complaint does not include Stephens as a party in the style of the case, nor did the Amended Complaint list Stephens as a party in the section entitled "Parties."[22] It is true that the Amended Complaint refers to acts and decisions made by Stephens; however, Plaintiff has not stated any legal grounds for relief against Stephens. Indeed, Plaintiff has not demanded relief of any kind from Stephens. The Court finds then that Plaintiff has not given Stephens or Defendant SWTCC "fair notice" of any claim against Stephens. Therefore, Plaintiff has not stated a claim against Stephens.

## II. Retaliation Claim

The Court also concludes that Plaintiff has failed to state a claim for retaliation under Title VII.[23] In order to make out a *prima facie* case of retaliation under the Title VII, a plaintiff must demonstrate (1) that he engaged in activity protected by Title VII; (2) that the exercise of his protected rights was known to the defendant; (3) that the defendant thereafter took a materially adverse action against him; and (4) there was causal connection between the protected activity and the materially adverse action.[24]

According to the Amended Complaint, Plaintiff alleges that Defendant retaliated against

---

[22] Stephens was terminated as a party in this matter per docket entry on November 26, 2007.

[23] Plaintiff's Amended Complaint does not make clear whether he is alleging retaliation under Title VII or under the THRA, Tenn. Code. Ann. § 4-21-301. To the extent that his claim is made under the THRA retaliation provision, such claim is dismissed for the same reasons that Plaintiff's other THRA-based claims were dismissed.

[24] *Burlington N. & Sante Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

him by not offering him a teaching position in the Graphic Arts Department after he engaged in protected activity. Plaintiff argues that his written complaints to Defendant about its tenure-review process and his complaints about not being assigned a teaching position in the Graphic Arts Department were both protected activities. However, the Court disagrees and concludes that Plaintiff cannot establish the first prong of his prima facie case, that his complaints to Defendant amounted to protected activity under Title VII.

Protected activity may include either participation in any proceeding under Title VII (the so-called "participation clause") or opposition to a practice declared discriminatory under Title VII (the "opposition clause"). First, to establish a claim of retaliation under the participation clause, Plaintiff must make a *prima facie* case by showing that Defendants took an adverse action against him because he filed a claim with the EEOC.[25] Here Plaintiff's written complaints about the tenure-review process and Defendant's decision not to assign him to the video editing course are not protected activity for purposes of the "participation clause."[26] Therefore, Plaintiff cannot show that he engaged in protected activity by participating in a proceeding under Title VII.

Likewise, Plaintiff's complaints do not meet the requirements for protected activity under the "opposition clause." Under Title VII, an employee is protected against employer retaliation for opposing any practice that the employee reasonably believes to be a violation of Title VII,

---

[25] *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 581(6th Cir. 2000).

[26] Plaintiff did file an EEOC charge against Defendant on September 16, 2006, that is, *after* Defendant's alleged retaliatory conduct. Clearly, in order for Plaintiff to state a claim for retaliation under the participation clause, the filing of his EEOC charge must occur *before* the alleged retaliation.

the so-called "opposition clause."[27]  The Equal Employment Opportunity Commission ("EEOC")

has identified a number of examples of "opposing" conduct which is protected by Title VII,

including complaining to anyone (management, unions, other employees, or newspapers) about

allegedly unlawful practices; refusing to obey an order because the worker thinks it is unlawful

under Title VII; and opposing unlawful acts by persons other than the employer, e.g., former

employers, union, and co-workers.[28]  The EEOC has qualified the scope of the opposition clause

by noting that the manner of opposition must be reasonable, and that the opposition must be

based on "a reasonable and good faith belief that the opposed practices were unlawful."[29]  In

other words, a violation of Title VII's retaliation provision can be found whether or not the

challenged practice ultimately is found to be unlawful.[30]  In this Circuit, a plaintiff is required to

establish active, consistent "opposing" activities to warrant protection against retaliation.[31]  A

complaint where a plaintiff sends only one letter contesting a single decision to his employer's

human resources department, for instance, does not qualify as "opposition" for purposes of Title

VII.[32]

---

[27] *Id*. at 579 -580

[28] *Id*. (citing *EEOC Compliance Manual,* (CCH) ¶ 8006).

[29] *Id*.

[30] *Id*.

[31] *Bell v. Safety Grooving & Grinding, LP*, 107 Fed. Appx. 607, 610 (6th Cir. 2004) (comparing *Johnson* where plaintiff engaged in "opposing" conduct by sending numerous letters to his employer objecting to its discriminatory hiring practices "as a whole" to *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304 (6th Cir. 1989), where plaintiff did not engage in "opposition" by sending only one letter contesting a single decision to his employer's human resources department).

[32] *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304 (6th Cir. 1989).

Applying these standards to Plaintiff's allegations, it is clear that Plaintiff's complaints did not qualify as "opposition" under Title VII. First, it appears that Plaintiff only complained of Defendant's decision to deny him tenure and then several months later the decision to assign him a different course to teach. Arguably the two were separate and isolated incidents. The Court finds that even taking them together, the two incidents do not evidence consistent, opposing activities, which would meet the requirements of the "opposition clause." More importantly, Plaintiff has not even alleged that his written complaints to Defendant about the denial of tenure and his re-assignment within the college so much as mention discrimination on the basis of his age or race.[33] The Amended Complaint states that, "Plaintiff believes that Ted Along, Dean of Southwest Community College and Mike Stephens Chair of the Industrial, Environmental and Graphic Arts Technologies made the decision to deny his tenure *in error*" (emphasis added). Nowhere does Plaintiff allege that he complained of age or race discrimination as part of his complaint about the tenure review process. Plaintiff's complaint about being re-assigned suffers from the same problem. There is nothing in the Amended Complaint to suggest that Plaintiff accused Defendant of age or race discrimination for its decision to assign him other teaching duties.[34] Not only do the complaints fail to establish consistent, opposing activities on Plaintiff's part, but neither seem to even make an accusation of

---

[33] It is true that Plaintiff has filed EEOC charges making these allegations. His first EEOC charge alleged that he had been denied tenure on account of his race. Plaintiff's second charge alleged retaliation. Although Plaintiff has not submitted a copy of his formal charge detailing the basis for this allegation, the Court presumes that it relates to his re-assignment within the college. However, for the reasons discussed above, neither of these EEOC charges can form the basis of Plaintiff's retaliation claim. Both were filed *after* the alleged retaliatory conduct, not before.

[34] The Amended Complaint only refers once to a written complaint about his re-assignment within the college. Am. Compl. ¶ 21.

discriminatory conduct.  Therefore, Plaintiff cannot show that he engaged in protected activity by opposing a practice declared discriminatory under Title VII.

Even if Plaintiff could establish that his complaints satisfied the "opposition clause" thereby proving the first element of his retaliation claim, Plaintiff could not prove his third element, namely, that Defendant took a materially adverse action against him.  In order to demonstrate that an employer subjected him to a materially adverse action, a plaintiff must show that the employer changed the terms or conditions of his employment in a way that was materially adverse to him.[35]  To be materially adverse, a change must be of the magnitude of a termination of employment, a demotion, a decrease in salary, or a material loss of benefits; it must be more than a mere inconvenience.[36]

Plaintiff has alleged that Defendant retaliated against him by not offering him a teaching position in the Graphic Arts Department after he engaged in protected activity.  However, Plaintiff has failed to claim that this re-assignment within the college resulted in less pay or loss of benefits or could be regarded as a demotion.  Indeed Plaintiff's Amended Complaint alleges that it was the denial of tenure that cost Plaintiff pay and benefits and forced him to take early retirement, not his re-assignment within the college.  The Court finds that Plaintiff's re-assignment is at most a *de minimis* action.  Employment actions that are *de minimis* are not materially adverse, and are not actionable under Title VII.[37]  Therefore, Plaintiff has failed to

---

[35] *Wills v. Pennyrile Rural Elec. Co-op. Corp.*, 259 Fed. Appx. 780, 783, 2008 WL 111018, * 3 (6th Cir. 2008) (citing *Hollins v. Atlantic Co.,* 188 F.3d 652, 662 (6th Cir.1999)).

[36] *Id*.

[37] *Id*. (citing *Bowman v. Shawnee State Univ.,* 220 F.3d 456, 462 (6th Cir.2000)).

allege that Defendant took a materially adverse action against him as a result of any protected activity.

Construing the allegations in the light most favorable to Plaintiff, the Court concludes that Plaintiff cannot establish that he engaged in protected activity or that Defendant took materially adverse action against him. As a result, Plaintiff has failed to state a claim for retaliation pursuant to Title VII, and so his claim is dismissed.

### III. Plaintiff's Additional Arguments

Plaintiff's Response brief includes additional arguments addressed to the sufficiency of claims for race discrimination under Title VII including the timeliness of Plaintiff's EEOC filing and declaratory relief for age discrimination under ADEA. However, these claims are not part of the Amended Complaint. As previously noted, while it is true that the original Complaint made these allegations under these theories, Plaintiff's Amended Complaint no longer mentions them. Because a claim for race discrimination under Title VII and a claim for age discrimination under the ADEA are absent from the Amended Complaint, Plaintiff has not stated these claims. Therefore, the Court need not consider Plaintiff's arguments as to these theories.

### CONCLUSION

Treating all of the well-pleaded allegations of the Amended Complaint as true and construing all of the allegations in the light most favorable to Plaintiff, the Court holds that Plaintiff has failed to state any of the claims contained in his Amended Complaint. As a result, all of the claims in Plaintiff's Amended Complaint are dismissed.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 18th, 2008.